Filed 2/7/23  P. v. Willis CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>AUSTIN BILLY WILLIS III,<br><br>Defendant and Appellant. | C096926<br><br>(Super. Ct. No. 09F00884) |

Appointed counsel for defendant Austin Billy Willis III asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the trial court's order denying the petition for resentencing.

I

In 2010, a jury found defendant guilty of two counts of attempted murder, one count of personally discharging a firearm at an occupied vehicle, and one count of possession of a firearm by a convicted felon.  The jury also found true multiple enhancement allegations.  In March 2022, defendant filed a petition for resentencing

1

under Penal Code former section 1170.95 (now 1172.6).[1] The petition alleged defendant had been charged under a theory of felony murder, murder under the natural and probable consequences doctrine, or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine; that he was convicted of attempted murder following a trial; and that he could not now be convicted of murder or attempted murder because of changes made to sections 188 and 189 effective January 1, 2019.

The trial court appointed counsel and received briefing from the parties. The People submitted opposition briefing and attached the jury instructions that had been used at trial. As relevant here, the trial court had instructed the jury using CALCRIM Nos. 600 [Attempted Murder] and 603 [Attempted Voluntary Manslaughter]. The trial court had not instructed the jury on felony murder or any theory under the natural and probable consequences doctrine.

The trial court held a hearing on the petition for resentencing and explained that it had reviewed the jury instructions and concluded defendant had not been "convicted under either the natural and probable consequences or the felony murder doctrine." The trial court denied the petition.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. Defendant did not file a supplemental brief.

---

[1] Undesignated statutory references are to the Penal Code. Effective June 30, 2022, the Legislature renumbered former section 1170.95 as section 1172.6, without substantive change. (Stats. 2022, ch. 58, § 10.)

The California Supreme Court recently considered whether the *Wende* process applies to a trial court's order denying a petition for postconviction relief under section 1172.6, and concluded such procedures are not required. (*People v. Delgadillo* (2022) 14 Cal.5th 216.) Before dismissing such an appeal, appellate courts are required to provide notice to defendant "informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*Id.* at pp. 231-232.) Alternatively, an appellate court may conduct "its own independent review of the record in any individual section 1172.6 appeal." (*Id.* at p. 232.) In the interest of judicial economy, we have exercised our discretion to conduct an independent review of the record in this case.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The trial court's order denying the petition for resentencing is affirmed.


                /S/
              MAURO, Acting P. J.


We concur:


    /S/
KRAUSE, J.


    /S/
McADAM, J.[*]

---

[*] Judge of the Yolo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.